Bigger, J.
This case is submitted upon plaintiff’s demurrer to the'second defense of the answer. Facts are pleaded in this second defense which are claimed by counsel representing the defendants, to state an equitable estoppel, and that the plaintiff by reason of his silence and the silence and laches of his predecessors in title, is estopped in equity to now obtain the relief here sought.
In the light of the decisions of the' Supreme Court in the" cases of Railroad Company v. Campbell, 51 O. S., 330; Railway v. Perkins, 49 O. S., 329; Railway v. O’Hara, 50 O. S., 678, and the case of Fries v. Railway Company, 56 O. S., 145, I am of opinion the plaintiff is not estopped by reason of the facts pleaded in this second defense.
The plaintiff states that the owner of the property had no knowledge of the placing of this pole upon the property at the time it was placed there. This is not denied, but it is pleaded that he took no steps to enforce his rights.
In view of the principles announced by Judge Minshall in the case of Railway v. Perkins, supra, this can not be held to estop the owner and his successors in title to arrest their rights at any time short of the period of twenty-one years. The argu *280 taient of Judge Minshall is that a railway or telegraph or telephone company can not by wrongful entry acquire any rights in the property by mere occupancy without objection on the part of the owner, and that such acquiescence or failure to act upon the part of the owner, short of acquiescence for twenty-one years, can not confer any right which will prevent the owner from recovering possession, and that mere neglect on the part of the owner to arrest his rights will not amount to acquiescence, unless it continue for twenty-one years.
E. G. Lloyd, for plaintiff.
Daugherty ds Todd, for defendant.
In both this case and the case of Daily v. The State, 51 O. S., 348, the doctrine is announced that mere acquiescence in such wrongful occupation, at least when the possession was taken without notice, will not estop the landowner. The clecision in Goodlin v. State, is distinguished, and it is announced that the doctrine of that case is to be limited to the particular facts of that case.
I am of opinion, therefore, that the facts stated in this second defense will not state an equitable estoppel, and the demurrer is sustained. Exceptions will be noted.